■ In the Matter of SEAN K. and Another, Children Alleged to be Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHAD L., Appellant, et al., Respondent. [855 NYS2d 301]—

Kavanagh, J. Appeal from an order of the Family Court of Broome County (Charnetsky, J.), entered July 5, 2007, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.

Respondent Chad L. (hereinafter the father) and respondent Heather L. (hereinafter the mother) lived in a home with their child, Nadia L. (born in 2005), and the mother's son, Sean K. (born in 2003). In October 2006, petitioner dispatched a child protective caseworker to the home after it received a report that the home was unsanitary and unsafe for the children. Upon her arrival, the caseworker immediately noted that the house was in disarray, a foul odor permeated the premises, cat feces and dirty diapers were located throughout the house and one of the children was sitting in a high chair, covered with spaghetti with flies and fleas swarming around her. When she began her investigation, the caseworker interviewed the father who disclosed to her that when he was 16 years old, he was convicted of sexually abusing a three-year-old child for which he was subsequently adjudicated a youthful offender and sentenced to prison. The father also disclosed that while in prison, he participated in, but failed to complete, a sex offender treatment program. According to the caseworker, the father, after making this disclosure, became agitated, threatened her with his fist and chased her from the home requiring a third party to intervene to prevent a potential assault. Based on the findings of this investigation, a petition was filed charging respondents with neglecting their children because of the unsanitary condition of their home as well as the fact that the children had been allowed by the mother to have unsupervised contact with an untreated sex offender with anger control issues.

After a fact-finding hearing, Family Court found that the father had neglected the children based upon the unsanitary condition of the home.* After the dispositional hearing, Family Court issued an order directing the father to undergo a mental

---

* Before the hearing, the mother agreed to an adjournment in contemplation of dismissal.

health evaluation and to cooperate and participate in counseling and treatment services, including sex abuse programming, offered by petitioner. It also issued an order of protection barring the father from any contact with the children except as supervised by petitioner or its designated representative. The father now appeals.

The father objects to Family Court receiving into evidence at both hearings testimony from petitioner's caseworkers as to admissions he made that he had been convicted of sexually abusing a three-year-old child and was subsequently adjudicated a youthful offender. He claims that the records regarding such proceeding are by law confidential and therefore the court erred by admitting this testimony into evidence over his objection. While records compiled as the result of a youthful offender adjudication are for most purposes confidential (*see* CPL 720.35), the claim of confidentiality is waived where the offender chooses to voluntarily disclose the fact of that adjudication as well as the specific circumstances which resulted in such a finding (*see Matter of Barnett v David M.W.*, 22 AD3d 575, 576 [2005]). Here, the father chose of his own volition to disclose that he had been convicted of sexually abusing a three-year-old child, that he had been imprisoned as a result of this offense and that, while incarcerated, he had failed to complete a sex offender treatment program. These admissions—the information as to the father's sexually abusive behavior, his subsequent incarceration, and the fact that he was an untreated sex offender—are obviously relevant in determining his fitness as a parent. Simply because he was ultimately adjudicated a youthful offender has little or no relevance to that determination and does not bar testimony as to the specifics of the underlying offense which led to the imposition of such an adjudication from being considered in a neglect proceeding (*see People v Gray*, 84 NY2d 709, 712 [1995]; *Matter of Cacchioli v Hoberman*, 31 NY2d 287 [1972]; *Matter of Perez v New York State Human Rights Appeal Bd.*, 71 AD2d 150 [1979], *lv denied* 49 NY2d 702 [1980]; *see also Matter of Martin v New York State Div. of Parole*, 47 AD3d 1152, 1152 [2008]). As such, it was not error for Family Court to admit this testimony during these hearings.

We further disagree with the father's claim that there was no basis for Family Court's decision to order him to participate in and follow through with sexual abuse programming and to bar him from any contact with the children except for periods when such visitation could be supervised. The dispositional order was based upon the testimony of petitioner's caseworkers, their observation of the father and his admission that he was a sex

offender who had failed to complete relevant treatment programs. We cannot agree on these facts that this order lacked a sound basis in the record.

Cardona, P.J., Spain, Carpinello and Stein, JJ., concur. Ordered that the order is affirmed, without costs.