■ In the Matter of MACKENZIE V., Respondent, v PATRICE V., Appellant. (And Two Other Related Proceedings.) [903 NYS2d 188]—

Kavanagh, J. Appeal from an order of the Family Court of Schoharie County (Bartlett III, J.), entered March 27, 2009, which, among other things, granted petitioner's application, in three proceedings pursuant to Family Ct Act articles 6 and/or 8, for custody of the parties' child.

In 2007, after respondent (hereinafter the mother) was hospitalized on two separate occasions and received treatment for psychological maladies, petitioner (hereinafter the father) commenced the first of these three proceedings seeking custody of their child (born in 2005). In response, the mother filed a family offense petition and petition for custody claiming, among other things, that she had been sexually and verbally abused by the father. After a hearing, Family Court found that the mother was unable to properly function as a parent and concluded that the father should have legal and physical custody of their child.* The court granted the father's petition and dismissed the mother's custody and family offense petitions, but awarded her supervised visitation. The mother appeals.

In determining custody, Family Court was required to "assess the best interests of the child by considering factors such as the child's age and wishes, and the parents' relative fitness, stability and previous performance, as well as their respective home environments and abilities to guide the child, provide for his well-being, and encourage his relationship with the other parent" (*Matter of Dana A. v Martin B.*, 72 AD3d 1136, 1137 [2010]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Richardson v Alling*, 69 AD3d 1062, 1063 [2010]; *Matter of Eck v Eck*, 33 AD3d 1082, 1083 [2006]). Here, Family Court concluded that as a result of the mother's mental illness and her unstable mental condition, the child's best interests were served by custody being awarded to the father.

This determination was based on a number of factors, including conclusions arrived at by Jeffry Luria, a psychologist who

---

* The father also has custody of an infant child from another relationship. The mother also has another child, who was placed with that child's biological father after the mother's hospitalization.

performed court-ordered psychological evaluations on the mother and the father. As for the mother, Luria concluded that she was highly unstable, "suffering from a moderately serious psychological disorder, certainly major depression, with possibly psychotic features notably paranoid in nature," and her interactions with the child were inconsistent and, at times, neglectful. As for the father, Luria found "no evidence of significant psychopathology which would preclude his caring for his son." Family Court also relied upon a second evaluation of the parties performed by psychologist Steven Silverman at the request of the Schoharie County Department of Social Services. Silverman found that the mother "places her child at risk because she is just unpredictable with what she will say or do with her child" and that she "suffers from delusions, a major psychiatric issue" and "has tenuous ties to reality," requiring further psychiatric diagnosis and medication evaluation. Silverman found that the father "is basically a person within normal limits," who appears capable of providing care for a small child. Moreover, Family Court, in determining the child's best interests, took note of the mother's insistence that, for unknown reasons, she was targeted by the mafia and attempts had been made by unknown persons to poison her and subject her to a sexually transmitted disease. When viewed as a whole, this evidence provided a sound and substantial basis for Family Court's determinations that the mother's claims that the father abused her as set forth in the family offense petition were incredible and that the child's interests would be best served by awarding the father custody (*see Matter of Yishak v Ashera*, 68 AD3d 1282, 1283 [2009]; *Matter of Holle v Holle*, 55 AD3d 991, 992 [2008]; *Matter of Boulerice v Heaney*, 45 AD3d 1217, 1218 [2007]; *Matter of Hissam v Mackin*, 41 AD3d 955, 957 [2007], *lv denied* 9 NY3d 809 [2007]).

The mother also contends that Family Court improperly delegated to the supervising agency the authority to determine the frequency and duration of her visits with the child when it directed that she have "supervised visitation at least one hour per week, supervised by the Schoharie County Department of Social Services or another independent agency." However, the same order also provides that once the mother's mental condition has stabilized through treatment from a psychiatrist, "she is encouraged to petition for unsupervised and/or increased visitation." Read together, the order does not improperly delegate to the agency the terms of visitation, but appropriately provides that until the mother has responded positively to treatment, her access to the child will be limited and must be supervised (*compare Matter of St. Pierre v Burrows*, 14 AD3d

889, 892 [2005]; *see also Matter of Millett v Millett*, 270 AD2d 520, 522 [2000]). Therefore, we find no reason to disturb the visitation order.

Finally, Family Court did not abuse its discretion by refusing to grant the mother an adjournment on the final day of this extended proceeding to allow her to call an expert witness (*see Matter of Sumner v Lyman*, 70 AD3d 1223, 1225 [2010], *lv denied* 14 NY3d 709 [2010]; *see generally Matter of Cukerstein v Wright*, 68 AD3d 1367, 1368 [2009]; *Matter of Adams v Bracci*, 61 AD3d 1065, 1066 [2009], *lv denied* 12 NY3d 712 [2009]).

Mercure, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the order is affirmed, without costs.