■ In the Matter of RICHARD BENTLEY, Respondent, v KIMBERLY BENTLEY, Appellant. [916 NYS2d 283]—

McCarthy, J. Appeal from an order of the Family Court of Tompkins County (Rowley, J.), entered January 25, 2010, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two sons, born in 1992 and 1998. Upon the parties' stipulation, Family Court entered an order in March 2009 that granted sole physical and legal custody of the children to the father, with the mother to enjoy specified visitation at her home in Nebraska. The order also required that neither party drink alcohol while the children were in his or her care. Approximately two weeks after that order was entered, the father filed the present petition to modify the custody arrangement, alleging that their elder son had consumed alcohol during a visit with the mother. Following a fact-finding hearing, Family Court determined that a significant change in circumstances had occurred and modified the custody order to require that the mother exercise her visitation rights in

Tompkins County, where the father and children reside. The mother appeals.*

An existing custody arrangement will not be modified absent a showing that a sufficient change of circumstances has occurred demonstrating the need for change to ensure the continued best interests of the children (see Matter of Arieda v Arieda-Walek, 74 AD3d 1432, 1433 [2010]). Here, the mother was aware that her elder son was being treated for substance abuse addiction and serving a term of probation, both of which required that he not consume alcohol. Despite that knowledge, the mother bought beer while in New York for the court proceedings leading up to the March 2009 order, and Family Court credited the son's testimony that he drank beer with her at that time. Indeed, while the mother denied giving the son beer, she admitted leaving him alone with an open bottle of beer. According great deference to Family Court's assessment of credibility, this evidence provides a sound and substantial basis to support its determination that a sufficient change in circumstances had occurred and that modification of the prior order was in the children's best interests (see Matter of Susan B. v Charles M., 67 AD3d 488, 488-489 [2009], lv denied 14 NY3d 704 [2010]; Matter of Kelley v VanDee, 61 AD3d 1281, 1283 [2009]).

Cardona, P.J., Rose, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.

---

* Inasmuch as the parties' elder son became 18 years of age while this appeal was pending, any custody issue regarding him is now moot (see Matter of Taylor v Staples, 33 AD3d 1089, 1090 n [2006], lv dismissed and denied 8 NY3d 830 [2007]).