■ In the Matter of TIMOTHY W. KEEFE, Respondent, v GINGER B. ADAM, Appellant. (And Four Other Related Proceedings.) [924 NYS2d 612]—

Mercure, J.P. Appeals from two orders of the Family Court of Ulster County (McGinty, J.), entered April 12, 2010 and April 14, 2010, which, among other things, granted petitioner's application, in five proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties are the parents of a son, born in 2002. Pursuant to a May 2007 custody order entered on consent, the parties shared joint legal custody, with respondent (hereinafter the mother) having primary physical custody and petitioner (hereinafter the father) having visitation on alternating weekends and holidays. In August 2009, the father petitioned to modify the custody arrangement, alleging, among other things, that the

mother had moved out of the county without his consent and that she was consistently late when exchanging the child at the drop-off location. The mother then filed a violation petition and two modification petitions alleging, among other things, that the father yelled at her in a public place and in front of the child, and left the child in the care of others without informing her. The father followed with a violation petition based upon the mother's alleged lateness when exchanging the child.

After a fact-finding hearing and a *Lincoln* hearing with the child, Family Court awarded sole legal and physical custody to the father, with visitation to the mother. The court also found that the mother willfully violated the prior custody order and imposed a suspended seven-day jail sentence. The mother appeals.

Initially, we are satisfied that the decision to modify custody is supported by a sound and substantial basis in the record. Although the parties had joint legal custody, the mother admitted that she unilaterally decided to move with the child to a different county, 42 miles away from the father without informing him. Both parties testified concerning their deteriorating relationship and demonstrated inability to discuss important matters concerning the child. In addition, Family Court credited the testimony of the father, his mother, his brother and a friend—one of whom always accompanies the father to the exchange location—that the mother consistently arrives anywhere from 15 minutes to two hours late to drop off and pick up the child, and regularly uses the opportunity to berate the father in front of the child. The foregoing evidence established a "significant change in circumstances indicating a real need to modify the stipulated custody order to further the child's best interests" (*Matter of Troy SS. v Judy UU.*, 69 AD3d 1128, 1130 [2010], *lv dismissed and denied* 14 NY3d 912 [2010]; *see Matter of Kilmartin v Kilmartin*, 44 AD3d 1099, 1101 [2007]; *Matter of Wiedenkeller v Hall*, 37 AD3d 1033, 1034-1035 [2007], *lv denied* 8 NY3d 816 [2007]; *Matter of Markey v Bederian*, 274 AD2d 816, 817-818 [2000]).

According deference to Family Court's credibility determinations (*see Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]), we further conclude that the award of sole custody to the father with visitation to the mother is in the child's best interests (*see id.* at 172-173; *Kaczor v Kaczor*, 12 AD3d 956, 958 [2004]). The mother's interference with the father's visitation rights by arriving late for the drop offs and pick ups, as well as her inappropriate conduct at those exchanges, is detrimental to the child and indicative of her unwillingness to foster a strong relation-

ship between the child and the father. Furthermore, there was evidence that she promoted her boyfriend as a substitute for the father, and that her relocation both required the child to change schools and hindered the father's involvement in the child's life. The father, on the other hand, manifests a markedly greater ability to control his behavior in front of the child, as well as a willingness to foster the relationship between the mother and child. While custody with the father will unfortunately separate the child from his half brother, with whom he has a close relationship, the father testified that the half brother would be welcome in his home. Viewing the totality of the circumstances, we find a sound and substantial basis for the custody award.

Finally, the mother's willful violation of the 2007 custody order was established by clear and convincing evidence that she interfered with the father's visitation rights by repeatedly arriving late to the drop-off location, and we find no abuse of discretion in the suspended sentence ordered by Family Court (*see Matter of Holland v Holland*, 80 AD3d 807, 808 [2011]; *Matter of Aurelia v Aurelia*, 56 AD3d 963, 964-966 [2008]).

The remaining arguments, including those advanced by the attorney for the child, have been considered and found to be without merit.

Rose, Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the orders are affirmed, without costs.