■ In the Matter of MARTIN BARRINGTON, Respondent, v MARCY BARRINGTON, Appellant. (And Nine Other Related Proceedings.) [931 NYS2d 762]—

Kavanagh, J.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) divorced in October 2007 and entered into an agreement incorporated into the judgment of divorce, which provided that they would share legal and physical custody of their two children—a daughter and son (born in 1998 and 2000, respectively)—and that each child would alternate living with the mother and the father on a weekly basis. In April 2009, the father filed the first of 10 petitions brought by the parties which, among other things, sought modification of their custodial arrangement. In October 2009, the parties consented to the entry of a court order in which the daughter would live with the father, the son would reside with the mother and visitation schedules for each child were established. Two months later, the father commenced a proceeding seeking physical custody of the son. After a temporary order to that effect was issued, the mother filed a petition seeking to have the son returned to her. In March 2010, a trial was conducted on the issues raised by the pending petitions and Family Court also heard from each child. Thereafter, the court awarded the parents joint custody of both children, but directed that both reside with the father while the mother could have visitation every other Wednesday

and on alternate weekends. The mother now appeals from that part of Family Court's order awarding the father physical custody of the son.

The mother's principal contention on this appeal is that Family Court, when it awarded physical custody of both children to the father, failed to find that a change in circumstances had in fact occurred since they had entered into their custody agreement. While Family Court did not specifically make such a finding, this Court has the authority to conduct an independent review of the record to determine whether it has been demonstrated that a change in circumstances had in fact occurred that would warrant an alteration of the existing custodial arrangement (*see Matter of Whitcomb v Seward*, 86 AD3d 741, 742 [2011]). Here, the record provides ample support for such a conclusion, as well as for Family Court's determination that the son's best interests require that he live with his sister at his father's residence (*see Matter of Keefe v Adam*, 85 AD3d 1225, 1226-1227 [2011]).

Specifically, evidence introduced at the hearing established that after the parties entered into their agreement, the mother persistently engaged in a course of conduct calculated to frustrate the father's efforts to have a meaningful relationship with the son. In particular, she repeatedly refused to allow the father mid-week visitation with the son and, on one occasion, unnecessarily involved the police in an argument that she had with the father when he was returning the son to her after a visit. She also sought to align the son with her in her dispute with the father, even though she was well aware that such conduct was clearly not in the child's best interests (*see Matter of Dobies v Brefka*, 83 AD3d 1148, 1149-1150 [2011]). Given the circumstances that existed as of the date of the hearing, and utilizing the factors that are traditionally employed in making such a determination, i.e., "the respective home environments, the child[ ]'s wishes, the length of time the present custody arrangement has been in place and each parent's past performance, relative competence and capacity to provide for and direct the child[ ]'s development" (*Matter of Meier v Meier*, 79 AD3d 1295, 1295-1296 [2010] [internal quotation marks and citation omitted]), we find that a sound and substantial basis exists for Family Court's conclusion that the son's best interests required that he reside with the sister at the father's residence (*see Matter of Keefe v Adam*, 85 AD3d at 1227). We also note that when the father's petition was filed, it was abundantly clear that the parties' relationship had deteriorated to such an extent that a shared custodial arrangement was no longer tenable. Finally, we

reject as unfounded the mother's claims that the attorney for the children could not represent both children because they had divergent interests (*see Matter of Rivera v LaSalle*, 84 AD3d 1436, 1438 [2011]; *Barbara ZZ. v Daniel A.*, 64 AD3d 929, 933-934 [2009]).

Mercure, J.P., Rose, Malone Jr. and Garry, JJ., concur. Ordered that the order is affirmed, without costs.