*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 7, 2016                    520576
_____

In the Matter of DAVID G.
    MERWIN,
                    Appellant,

        v                                    MEMORANDUM AND ORDER

KAMIE JO MERWIN,
                    Respondent.
_____

Calendar Date:  February 11, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

_____

        Christopher A. Pogson, Binghamton, for appellant.

        Sandra M. Colatosti, Albany, for respondent.

        David Spector, Endicott, attorney for the child.

_____

Egan Jr., J.

        Appeal from an order of the Family Court of Broome County
(Pines, J.), entered February 6, 2015, which dismissed
petitioner's application, in a proceeding pursuant to Family Ct
Act article 6, to modify a prior order of visitation.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the divorced parents of a son (born
in 1999).  By order entered on consent in September 2009, Family
Court awarded the mother sole custody of the subject child and
his sibling; the father was awarded supervised visitation with
the subject child once a month — with such visitations to occur
at and be supervised by The Family & Children's Society
(hereinafter the agency) in Broome County.  Pursuant to the terms

of Family Court's order, the father was to be responsible for the costs associated with such visits.

In July 2014, the father, who by his own admission has not seen the subject child since the child was two years old, commenced this proceeding seeking to modify the terms of the 2009 visitation order. Although the father's petition did not request specific relief, it was revealed at the ensuing fact-finding hearing that the father was seeking supervised visitation in a public place so that he did not have to pay the agency a fee (purportedly $35 per visit) in order to see his son. Family Court dismissed the father's application, finding, among other things, that he had failed to demonstrate a change in circumstances since entry of the 2009 order. This appeal by the father ensued.

We affirm. As the party seeking to modify a prior order of visitation, the father bore the initial burden of showing that a change in circumstances has occurred since the entry thereof that is sufficient to warrant Family Court undertaking a best interests analysis in the first instance; assuming that requirement is met, the father then must show that modification of the prior order is necessary in order to ensure the child's continued bests interests (see Matter of Sparbanie v Redder, 130 AD3d 1172, 1172-1173 [2015]; cf. Matter of Gerber v Gerber, 133 AD3d 1133, 1136 [2015], lv denied ___ NY3d ___ [Mar. 31, 2016]).

The record reflects that the father has bipolar disorder, schizophrenia and attention deficit disorder and suffers from panic attacks four or five times per month. As a result, the father is disabled and has been receiving various Social Security benefits since some point in 2011. Although he is under a physician's care and has been prescribed medications for his conditions, the father has opted instead to self-medicate with marihuana — smoking one to three joints each day depending upon the severity of his symptoms. By his own admission, the father "never showed up" at the agency to complete the required intake process after he was awarded supervised visitation in 2009.

According to the father, the sole reason that he did not exercise the supervised visitation granted to him in the 2009

order was his inability to pay the $35 per visit fee purportedly due to the agency. The father's conclusory claims of indigency, however, are unsupported by the record and — arguably — are belied by his apparent ability to purchase sufficient quantities of marihuana to "treat" his various disorders. Further, although questioned on this point at the hearing, the father did not offer any meaningful explanation for his delay in seeking to modify the underlying visitation order.[1] Accordingly, after reviewing the record as a whole, we find that the father failed to discharge his initial burden of demonstrating a sufficient change in circumstances to trigger a best interests inquiry. Were we to reach a contrary conclusion in this regard, we nonetheless would agree with Family Court's further finding that modification of the 2009 order was not in the subject child's best interests. The father suffers from serious and, to our analysis, untreated medical conditions and, by his own admission, has not seen his son — now age 16 — since the child was two years old. Under these circumstances, any expansion of the father's visitation rights is unwarranted.

Finally, we cannot fault Family Court for opting not to conduct a Lincoln hearing in this matter. Although "a Lincoln hearing is the preferred manner for ascertaining a child's wishes" (Matter of Battin v Battin, 130 AD3d 1265, 1266 n 2 [2015]), such a hearing is not mandatory (see id. at 1266) — particularly where, as here, the record reflects that the hearing itself may do more harm than good (see Matter of Thomas v Osborne, 51 AD3d 1064, 1068 [2008]; Posporelis v Posporelis, 41 AD3d 986, 991 [2007]). Notably, the attorney for the child advised Family Court that the child was "very distraught" and that he was not requesting a Lincoln hearing because he believed that it "would be even more traumatic" for the child to have to participate in that process (see Matter of DeRuzzio v Ruggles, 88 AD3d 1091, 1092 [2011]). In light of counsel's representations in this regard, we discern no abuse of discretion in the court's decision to forgo a Lincoln hearing.

_____

[1] The father testified that he was awarded Social Security benefits in 2011, but he did not commence the instant modification proceeding until July 2014.

Garry, J.P., Lynch, Devine and Clark, JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court