Garry, J.
Appeal from an order of the Family Court of Tioga County (Keene, J.), entered October 6, 2014, which, among other things, partially granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
*1406 Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of one child (born in 2006). In accord with an order entered upon the parties’ consent in May 2013, the mother had sole legal custody and primary physical placement of the child, and the father had supervised parenting time on Saturdays. Approximately seven months after this order was issued, the father commenced a modification proceeding seeking joint legal custody of the child and parenting time on alternate weekends; he later clarified that he also sought elimination of the requirement for supervision of his parenting time.[1] Shortly after the father filed his petition, the mother moved with the child to Missouri, and the father commenced a second proceeding alleging that he was no longer having visits or telephone contact with the child and seeking temporary enforcement of the May 2013 order. The mother then sought permission to relocate to Missouri; she later withdrew this petition and returned with the child to New York. Following fact-finding and Lincoln hearings, Family Court, as pertinent here, determined that the father had failed to establish a change in circumstances warranting the elimination of the prior order’s requirement for supervision. Nevertheless, upon the mother’s consent, the court modified the prior order by increasing the father’s supervised parenting time to alternate weekends and two weekday evenings.[2] The father appeals.
As the party seeking modification, it was the father’s threshold burden to establish that a change in circumstances had occurred since the entry of the prior order that was sufficient to warrant a reexamination of the child’s best interests (see Matter of Merwin v Merwin, 138 AD3d 1193, 1194 [2016]; Matter of Erick X. v Keri Y., 138 AD3d 1202, 1204 [2016]; Matter of Bush v Miller, 136 AD3d 1238, 1239 [2016]). We agree with Family Court that he did not satisfy this burden. The father claimed, among other things, that the child was having behavior problems in school, but he failed to demonstrate that the problems he identified had not existed before the entry of the previous order or that they had worsened thereafter, nor *1407 did he establish any connection between these issues and the existing visitation arrangement (see Matter of Bouwens v Bouwens, 86 AD3d 731, 732-733 [2011]).
The father likewise failed to prove his contention that circumstances had changed in that the mother had moved frequently during the pertinent period. The paternal grandfather testified that the mother had moved several times, but his testimony was unclear as to whether any of these moves had occurred after the prior order; the father’s testimony that she had moved once thereafter was insufficient to establish that she had failed to provide a stable living environment for the child (compare Matter of Gasparro v Edwards, 85 AD3d 1222, 1222-1223 [2011]).[3] The father and paternal grandmother testified that the mother had missed several visits and had been late for others. The mother in turn presented evidence that some of the missed visits had occurred because the supervisor was unavailable or because the father was ill, and she testified that she had offered additional parenting time to the father to compensate for these incidents, which the father conceded had occurred. Further, to the extent that the father did demonstrate missed parenting time, he failed to establish any causal connection between this missed time and his claim that supervision of his time with the child was no longer necessary.
Although the father claimed that the mother had recanted the sexual abuse allegations that had led to the supervision requirement, there was no evidence offered to support this assertion. The mother testified that she continued to believe that the father had sexually abused the child. Accordingly, Family Court properly concluded that a change in circumstances had not been established and declined to proceed to an analysis of the child’s best interests (see Matter of Reginald Q. v Richard Q., 65 AD3d 1396, 1397 [2009]; Matter of De Cicco v De Cicco, 29 AD3d 1095, 1096-1097 [2006]).[4]
Finally, we wholly reject the father’s contention that Family Court abused its discretion by denying his request for a transcript of the Lincoln hearing. Contrary to his assertion, *1408 the fact that sexual abuse allegations had been made against him neither overcame the child’s right to confidentiality during the Lincoln hearing nor provided the father with a due process right to learn the substance of her communications to the court. A child’s testimony in a Lincoln hearing in a proceeding pursuant to Family Ct Act article 6 is not akin to the testimony that may be taken from a child in proceedings pursuant to Family Ct Act article 10. In an article 10 proceeding, an adversarial relationship may exist between the child and the accused parent. As the child’s testimony may be the sole basis for a finding of abuse or neglect, the parent’s due process rights are implicated. Although there are circumstances in which a child’s testimony in such a proceeding may be obtained in camera or outside the presence of the respondent parent, this must be carefully balanced with the rights of the accused parent (see Matter of Justin CC. [Tina CC.], 77 AD3d 207, 210-211 [2010]).
By clear contrast, in a Family Ct Act article 6 proceeding, in which a Lincoln hearing may be conducted, such a hearing serves entirely different, nonadversarial purposes, and a parent’s constitutional rights are not implicated. The purpose of a Lincoln hearing is not primarily evidentiary; it is instead to assist the court in making the determination of what serves the best interests of the child. The Lincoln hearing is allowed as a manner of directly ascertaining the child’s wishes and may also serve to corroborate information that has been adduced on the record during the course of the fact-finding hearing (see Matter of Lincoln v Lincoln, 24 NY2d 270, 271-272 [1969]; Matter of Julie E. v David E., 124 AD3d 934, 938 [2015]; Matter of Justin CC. [Tina CC.], 77 AD3d at 212; see also Matter of Gonzalez v Hunter, 137 AD3d 1339, 1342-1343 [2016], lv dismissed and denied 27 NY3d 1061 [2016]).
“[T]he right to confidentiality during a Lincoln hearing belongs to the child and is superior to the rights or preferences of the parents” (Matter of Julie E. v David E., 124 AD3d at 937; accord Matter of Gonzalez v Hunter, 137 AD3d at 1343). Children whose parents are engaged in custody and visitation disputes “must be protected from having to openly choose between parents or openly divulging intimate details of their respective parent/child relationships. This protection is achieved by sealing the transcript of the in camera Lincoln hearing” (Matter of Sellen v Wright, 229 AD2d 680, 681-682 [1996] [citation omitted]). Family Court properly fulfilled its “paramount obligation” to protect the child’s right to confidentiality in this Family Ct Act article 6 proceeding by denying the father’s request for access to the Lincoln hearing transcript (Matter of Julie E. v David E., 124 AD3d at 938).
*1409 Peters, P.J., Devine, Clark and Aarons, JJ., concur.
Ordered that the order is affirmed, without costs.

. The father’s modification petition did not set forth his request for unsupervised visitation, but he repeatedly requested this relief at the fact-finding hearing, without objection. We therefore reject the contention of the mother and the attorney for the child that the father’s appeal should be dismissed on the ground that he is seeking relief that he failed to request and, as such, is not an aggrieved party (see CPLR 5511; Matter of Merwin v Merwin, 138 AD3d 1193, 1194 [2016]).

. Family Court also granted the father’s application for enforcement and directed the mother not to move the child out of Tioga County without the court’s permission.

. The mother’s move to Missouri occurred after the father filed the modification petition, and the father did not contend that it constituted a change in circumstances with regard to the requirement for supervision of his visitation (see generally Matter of Hayward v Campbell, 104 AD3d 1000, 1001 n [2013]). As previously noted, she thereafter returned permanently to New York (compare Matter of Adams v Bracci, 91 AD3d 1046, 1046-1047 [2012], lv denied 18 NY3d 809 [2012]).

. As Family Court’s order increasing the frequency of the father’s visitation was entered upon the mother’s consent and is unchallenged upon appeal, we do not disturb it.