## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:   January 19, 2017                    521897
_____

In the Matter of ALAN U.,
                    Appellant,

        v                                          MEMORANDUM AND ORDER

MANDY V.,
                    Respondent.
_____

Calendar Date:   November 14, 2016

Before:   McCarthy, J.P., Garry, Rose, Mulvey and Aarons, JJ.

_____

        Renee J. Albaugh, Delhi, for appellant.

        Jessica C. Eggleston, Johnson City, for respondent.

        David T. Spector, Endicott, attorney for children.

_____

Garry, J.

        Appeal from an order of the Family Court of Broome County
(Connerton, J.), entered September 28, 2015, which, among other
things, partially granted petitioner's application, in a
proceeding pursuant to Family Ct Act article 6, to modify a prior
order of visitation.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the parents of two children (born in
2002 and 2007).  In 2011, by order of fact-finding and interim
disposition, Family Court found, upon the father's consent
without admission, that the father had sexually abused the older
child, adjudicated both children to be neglected and ordered the
father, among other things, to complete certain classes and
evaluations.  The father has not seen either child since 2011.

In 2013, the mother was awarded sole custody of both children and the father was permitted to apply for visitation after completion of the requirements set forth within the dispositional order.[1] The father commenced this modification proceeding in February 2015, requesting visitation with the younger child.[2] Following Lincoln and fact-finding hearings, Family Court awarded the father one supervised visit for one hour per month, at a time and date to be arranged by the supervisor and the mother, with the potential for some expansion if mutually agreed upon. The father appeals.

As the party seeking modification, it was the father's burden to first demonstrate a change in circumstances since the entry of the prior order "to warrant the court undertaking a best interests analysis in the first instance" (Matter of David J. v Leeann K., 140 AD3d 1209, 1210 [2016] [internal quotation marks and citations omitted]; see Matter of Merwin v Merwin, 138 AD3d 1193, 1194 [2016]). The 2013 order provided, in pertinent part, that the father was required to comply with the terms of the dispositional order before visitation with the children could occur. This order required the father to participate in parenting classes, sexual abuse evaluations and sexual offender treatment programs, among other things. In support of his request, the father cited his compliance with the dispositional order, consisting of the completion of parenting classes and two evaluations at a sexual offender treatment program, together with his participation in counseling a few times each year. In opposition, the mother contended that the father had failed to comply with the full terms of that order, as the father's counseling is not related to sexual abuse, and he was not recommended for treatment in the sexual offender treatment program due to his continued denial of problems involving sexual offending. The attorney for the children concurred with the

_____

[1] Family Court entered an order of disposition in 2012, which, among other things, made the 2011 interim disposition a final order.

[2] The father's petition included both children, but he clarified and limited his request at the fact-finding hearing.

mother's position.  Nonetheless, the record supports the finding by Family Court that the father had "technically" complied with the 2011 dispositional order.  Thus, the court properly proceeded with a best interests analysis.

Although a child and noncustodial parent are entitled to meaningful visitation (see Matter of Tropea v Tropea, 87 NY2d 727, 738 [1996]), "[t]he propriety of visitation is left to the sound discretion of Family Court and its findings, guided by the best interests of the child, will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Kadio v Volino, 126 AD3d 1253, 1254 [2015] [internal citation and quotation marks omitted]; see Matter of Dibble v Valachovic, 141 AD3d 774, 775 [2016]).  Generally, visitation with a noncustodial parent is presumed to be in the best interests of the child and should not be denied absent "substantial proof that contact would be harmful to the child's welfare" (Matter of Owens v Chamorro, 114 AD3d 1037, 1039 [2014]; see Matter of Kadio v Volino, 126 AD3d at 1254).

In addressing the father's history of sexual abuse, Family Court admonished the father for his failure to take steps "to enter into meaningful sexual offender treatment concerning his 'inappropriate touching' [of the older child]," and found that his status as an "untreated sex offender" was relevant in determining his fitness as a parent (Matter of Sean K., 50 AD3d 1220, 1222 [2008]).  The attorney for the child cross-examined the father relative to his limited efforts at pursuing treatment, and the father responded to some of the questioning by asserting his Fifth Amendment privilege.  The mother testified that, following the sexual abuse of the older child by the father, the younger child required years of therapy and exhibited certain behaviors such as bedwetting, being withdrawn and inappropriate play.  Weighed against these strong negative factors, however, the father presented the testimony of an acceptable supervisor for the proposed visits.  This individual testified at the fact-finding hearing that she was willing to supervise the father's visitation in her office for one hour twice per month, with the potential to increase to three hours if the visits went well.  It was established that the office was a suitable environment.  In view of the record, Family Court's award of supervised visitation

with the father for one hour once per month, with the potential for future increases or modification, was in the best interests of the child.

Finally, we reject the father's contention that Family Court improperly delegated authority to the mother to arrange or modify visitation (see Matter of Taylor v Jackson, 95 AD3d 1604, 1605 [2012]).  Here, the order provides that visitation is to occur once monthly "at a time and date which is convenient with [the supervisor] making the arrangements with [the mother]," and thereafter "the parties may voluntarily continue or expand visits or either parent may petition for modification of the order."  As the mother has sole custody of the child, it logically follows that she and the supervisor must arrange visitation.  We do not find an improper delegation of authority to the mother (see e.g. Matter of MacKenzie v Patrice V., 74 AD3d 1406, 1407 [2010]; compare Matter of Staff v Gelunas, 143 AD3d 1077, 1079 [2016]), and, upon review, we find no reason to disturb the order.

McCarthy, J.P., Rose, Mulvey and Aarons, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court