Matter of Fiacco v Fiacco (2018 NY Slip Op 01228)





Matter of Fiacco v Fiacco


2018 NY Slip Op 01228


Decided on February 22, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 22, 2018

523988

[*1]In the Matter of KRISTIN A. FIACCO, Respondent,
v
JOSEPH J. FIACCO, Appellant. (And Another Related Proceeding.)

Calendar Date: January 8, 2018

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Norbert A. Higgins, Binghamton, for appellant.
Teresa C. Mulliken, Harpersfield, for respondent.
Michelle E. Stone, Vestal, attorney for the child.
Palmer J. Pelella, Owego, attorney for the children.




MEMORANDUM AND ORDER
Mulvey
, J.
Appeal from an order of the Family Court of Broome County (Pines, J.), entered October 6, 2016, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the divorced parents of three children (born in 2001, 2003 and 2007). The parties' 2013 judgment of divorce awarded them joint legal custody, with
primary physical custody to the mother and specified parenting time to the father. In December 2015, the mother filed a petition seeking to have the father's visitation supervised based upon allegations that he, among other things, used excessive corporal punishment on the children. Soon thereafter, the father petitioned for primary physical custody of the children. Following fact-finding and Lincoln hearings, Family Court modified the prior order by directing that the father refrain from using corporal punishment or any other form of "intimidating punishment" to discipline the children, but otherwise left intact the provisions of that order. The father appeals.
Preliminarily, we note that the father raises no arguments on appeal with respect to the [*2]dismissal of his modification petition and, as such, we deem any challenge with respect thereto to be abandoned (see Matter of Hempstead v Hyde, 144 AD3d 1438, 1439 n 1 [2016]; Matter of Lynn TT. v Joseph O., 143 AD3d 1089, 1091 [2016]). As to the mother's petition, a parent seeking to modify a prior order of custody and visitation must first demonstrate that a change in circumstances has occurred since the entry thereof to warrant a review of the children's best interests (see Scott Q. v Joy R., 151 AD3d 1206, 1207 [2017], lv denied 29 NY3d 919 [2017]; Matter of Alan U. v Mandy V., 146 AD3d 1186, 1187 [2017]). If this threshold burden is met, the parent must then demonstrate that modification of the underlying order is necessary to ensure the children's continued best interests (see id.). Given the superior position of Family Court to observe and evaluate the witnesses' testimony, we accord great deference to its factual findings and credibility assessments and will not disturb its determination if supported by a sound and substantial basis in the record (see Matter of Charles AA. v Annie BB., ___ AD3d ___, ___, 2018 NY Slip Op 00058, *3 [2018]; Matter of Whetsell v Braden, 154 AD3d 1212, 1213 [2017]; Matter of David J. v Leeann K., 140 AD3d 1209, 1210 [2016]).
Here, ample evidence was presented at the fact-finding hearing regarding the father's use of inappropriate methods of discipline on the children. Testimony was presented concerning an incident that occurred at the father's home in December 2015, after the younger daughter refused to wash dishes or otherwise assist the family with household chores. Frustrated with her behavior, the father instructed the child — who was barefoot — to stand outside and thereafter attempted to throw a pot of water at her feet. On another occasion, the father struck this same child in the head and shoulder in an effort to discipline her. During his testimony, the father freely acknowledged using "scare tactics" — such as yelling, slapping and other physical contact — as a form of discipline, and generally agreed with the use of physical discipline under certain circumstances. The mother explained that the father often made recommendations as to how she should be physically disciplining the children, and similarly testified to the father's continued commentary about the appropriateness of the use of this form of punishment. While the father attempted to minimize or otherwise explain his conduct, Family Court expressly found his testimony to be "evasive, wholly self-serving and lacking credibility" and concluded that the father lacked insight as to the impact that his threatening demeanor and punishment tactics have on the children. Based upon our review of the record as a whole, including the transcript of the Lincoln hearing, and according appropriate deference to Family Court's credibility assessments, we are satisfied that the court's modification of the underlying order is supported by a sound and substantial basis in the record (see Matter of Joseph G. v Winifred G., 104 AD3d 1067, 1068-1069 [2013], lv denied 21 NY3d 858 [2013]; Matter of Bentley v Bentley, 81 AD3d 1012, 1012 [2011]; see also Matter of Andrew S. v Robin T., 145 AD3d 1209, 1210-1211 [2016]).
Finally, the father failed to preserve for our review his contention that the children should not have been jointly represented by the same attorney because the youngest child's wishes differed from those of the two older children (see Matter of Emmanuel J. [Maximus L.], 149 AD3d 1292, 1297 [2017]; Matter of Mary R.F. [Angela I.], 144 AD3d 1493, 1494 [2016], lv denied 28 NY3d 915 [2017]; Matter of Kaseem J., 52 AD3d 1321, 1322 [2008]). In any event, were we to consider the issue, we would find it to be without merit (see Matter of Smith v Anderson, 137 AD3d 1505, 1509 [2016]; Matter of Barrington v Barrington, 88 AD3d 1171, 1172-1173 [2011]; Barbara ZZ. v Daniel A., 64 AD3d 929, 933-934 [2009]; Matter of Rosenberg v Rosenberg, 261 AD2d 623, 624 [1999]).
Egan Jr., J.P., Lynch, Clark and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.