Matter of Ellen TT. v Parvaz UU. (2019 NY Slip Op 09328)





Matter of Ellen TT. v Parvaz UU.


2019 NY Slip Op 09328


Decided on December 26, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 26, 2019

526962

[*1]In the Matter of Ellen TT., Respondent,
v
Parvaz UU., Appellant.

Calendar Date: November 21, 2019

Before: Garry, P.J., Egan Jr., Lynch and Devine, JJ.


Lisa A. Burgess, Indian Lake, for appellant.
Noreen McCarthy, Keene Valley, for respondent.
Bryan Liam Kennelly, Lake Placid, attorney for the children.



Garry, P.J.
Appeal from an order of the Family Court of Essex County (Meyer, J.), entered December 13, 2017, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of two children (born in 2002 and 2005). The mother resides in Clinton County and the father resides in Brooklyn. In July 2008, the parties stipulated to an order granting the parties joint legal custody, with primary physical custody to the mother and parenting time with the father every long weekend during the school year and on a rotating two-week basis during the summer recess. In August 2016, the mother filed a modification petition and an application for emergency relief, alleging that the father had failed to return the children following his parenting time in August 2016 and that the children did not feel safe with the father. In September 2016, the mother amended her modification petition to include allegations that, while at the father's home, the children were not provided with appropriate sleeping arrangements and one child had been subjected to sexual touching by the father's college-age son. The mother sought sole legal custody, with the father having only supervised visitation.
The father denied the allegations and requested, among other things, continued visitation with the children. Family Court thereafter issued a temporary order granting the father visitation with the children on one specific date in a public location and adjourned the matter pending trial. The attorney for the children supported the mother's request for sole legal custody and recommended that the father's overnight visitation be terminated. Following a trial and a Lincoln hearing, Family Court found that petitioner had established a change in circumstances and granted the mother sole legal and physical custody. The court provided the father with parenting time on the schedule established in the 2008 order, but restricted the location to the vicinity of the mother's home and prohibited overnight visits unless the children were provided with a separate room and the mother consented. The father appeals.
"Initially, the party seeking to modify an existing order of custody bears the threshold burden to show a change in circumstances since entry thereof warranting an inquiry into the child's best interests" (Matter of Jennifer D. v Jeremy E., 172 AD3d 1556, 1556-1557 [2019] [citations omitted]). Family Court's determinations that the parties are unable to communicate effectively regarding the children — as conceded by the father — and that the father's living arrangements are unsuitable for the children are supported by the record and established the existence of a change in circumstances (see id. at 1557; Matter of Kristen II. v Benjamin JJ., 169 AD3d 1176, 1177 [2019]; Matter of Knox v Romano, 137 AD3d 1530, 1531 [2016]).
"Turning to the best interests analysis, the factors relevant thereto include maintaining stability in the children's lives, the quality of [the] respective home environments, the length of time the present custody arrangement has been in place, each parent's past performance, relative fitness and ability to provide for and guide the children's intellectual and emotional development, and the effect the award of custody to one parent would have on the children's relationship with the other parent" (Matter of LaBaff v Dennis, 160 AD3d 1096, 1097 [2018] [internal quotation marks and citations omitted]). The record supports Family Court's findings that the father's living arrangements are unsuitable for the children. The father and his wife (hereinafter the stepmother) live in a basement beneath a small convenience store that they operate in Brooklyn with their two children, a daughter and a son who were ages 22 and 20, respectively, at the time of the hearing. There are no satisfactory bathroom or sleeping facilities. The family uses a restroom on the first floor that is accessible to customers and they bathe by using a hose and bucket in an area of the basement that has no drain and affords no privacy. The entire family — which consists of six people when the children are visiting — sleeps on two mattresses placed on the floor. Although the father asserts that he has a certificate of occupancy, no such document has been produced, and the court noted that the father denied access to the premises for an inspection. The court further found that the father was unable to provide guidance for the children's emotional and intellectual development, noting that the father did not spend time with the children during visits and is unable to engage in appropriate parent-child conversations.
The record also establishes that the mother provides an appropriate and stable home environment for the children. These factors, together with the parents' admitted inability to effectively communicate regarding the children, provide a substantial basis for Family Court's determinations that joint legal custody is no longer workable and that the award of sole custody to the mother and the geographical restrictions on the father's visitation were in the best interests of the children (see Matter of Ryan XX. v Sarah YY., 175 AD3d 1623, 1625 [2019]).
The father contends that Family Court improperly delegated its authority to the mother by providing that the father shall not have overnight visitation with the children unless the mother consents. We agree. "Unless visitation is inimical to the children's welfare, [the court] is required to structure a schedule which results in frequent and regular access by the noncustodial parent. In so doing, [the court] cannot delegate its authority to determine visitation to either a parent or a child" (Matter of Taylor v Jackson, 95 AD3d 1604, 1605 [2012] [internal quotation marks, brackets and citations omitted]). Although the order provides the father with the opportunity for frequent and regular unsupervised access, the provision conditioning expansion of visitation to include overnight visitation only upon the mother's consent is an impermissible delegation of authority (see Matter of Marcia ZZ. v April A., 151 AD3d 1303, 1306 [2017]; Matter of Nicolette I. [Leslie I.], 110 AD3d 1250, 1255 [2013]; compare Matter of Alan U. v Mandy V., 146 AD3d 1186, 1189 [2017]). However, as our authority in custody and visitation matters is as broad as that of Family Court and the record is sufficiently complete, we need not remit the matter (see Matter of Driscoll v Oursler, 146 AD3d 1179, 1181 [2017]; Matter of Gentile v Warner, 140 AD3d 1481, 1483 [2016]). We modify the order by prohibiting all overnight visitation, noting that the father may petition for overnight visitation upon a showing of a change in circumstances (see e.g. Matter of Alan U. v Mandy V., 146 AD3d at 1189; Matter of Mackenzie V. v Patrice V., 74 AD3d 1406, 1407 [2010]).
Finally, we note our displeasure that the attorney for the children made repeated references to the Lincoln hearing in the appellate brief that he submitted on their behalf (see Matter of Susan LL. v Victor LL., 88 AD3d 1116, 1119 n 4 [2019]; see also Matter of Hrynko v Blaha, 271 AD2d 714, 717 [2000]; Matter of Buhrmeister v McFarland, 235 AD2d 846, 848 [1997]). Family Court's promise of confidentiality should not be lightly breached, and these transcripts are sealed. We again emphasize that "[t]he right to confidentiality during a Lincoln hearing belongs to the child and is superior to the rights or preferences of the parents. Children whose parents are engaged in custody and visitation disputes must be protected from having to openly choose between parents or openly divulging intimate details of their respective parent/child relationships" (Heasley v Morse, 144 AD3d 1405, 1408 [2016] [internal quotation marks, brackets and citations omitted]; see Matter of Gonzalez v Hunter, 137 AD3d 1339, 1342-1343 [2016], lv dismissed and denied 27 NY3d 1061 [2016]). We further note that the breach of the confidentiality of the Lincoln hearing — and of the trust of the children — was exacerbated by the fact that the attorney for the children made certain representations about the children's testimony that were inconsistent with their statements during the hearing.
Egan Jr., Lynch and Devine, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as provided for overnight visitation with petitioner's consent; overnight visitation is prohibited as set forth in this Court's decision; and, as so modified, affirmed.