Matter of Katie R. v Peter Q. (2022 NY Slip Op 04339)

Matter of Katie R. v Peter Q.

2022 NY Slip Op 04339

Decided on July 7, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 7, 2022

533496
[*1]In the Matter of Katie R., Appellant,
v
Peter Q., Respondent. (And Another Related Proceeding.)

Calendar Date:May 31, 2022

Before:Garry, P.J., Egan Jr., Clark, Aarons and McShan, JJ.

Cliff Gordon, Monticello, for appellant.
Marcia Heller, Rock Hill, attorney for the child.

McShan, J.
Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered June 7, 2021, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of the subject child (born in 2014). A 2015 order of custody and visitation awarded joint legal custody of the child to the parties, primary physical custody of the child to the mother, and parenting time to the father on alternating weekends and each week from Thursday at 9:00 a.m. to Saturday at 6:00 p.m. In September 2020, the mother commenced a modification proceeding to reduce the father's weekly parenting time to one night for dinner each week, leaving the other aspects of the 2015 order intact. To justify the reduction, the mother alleged that, for over a year, the father had failed to comply with the 2015 order and that the father's parenting time interfered with the child's school schedule.[FN1] Two months later, the father commenced a proceeding to modify the 2015 order by changing his weekly pick-up time to either Wednesday at 6:00 p.m. or Thursday at 8:30 a.m. so that the child could begin school at 9:00 a.m. each Thursday.
Both matters proceeded to a combined fact-finding hearing, during which the mother testified that the "only reason" she filed her modification petition was because the father's parenting time conflicted with the child's ability to attend weekend events with the mother's family. The mother went on to state that, starting around December 2020, the child began refusing to go with the father, often resisting with extreme behaviors — screaming, hitting, kicking and locking herself in a different room. As a result, the parties agreed to enroll the child in therapy, which they attend with her. The father, self-represented, corroborated the mother's account of the child's behavior, and explained that he had discussed that behavior with the child and changed his activities with the child according to her wishes. Relying upon the testimony from the fact-finding hearing,[FN2] Family Court concluded that neither party demonstrated a change in circumstances warranting modification of the 2015 order and dismissed both petitions. The mother appeals.
Acknowledging that she failed to prove the allegations pleaded in her petition, the mother first asserts that her petition should be conformed to the proof adduced at the fact-finding hearing regarding the child's recent behavior, which began after the instant proceedings were commenced (see CPLR 3025 [c]). Although there was no motion to that effect, Family Court considered that evidence in its order, and we find that it appropriately exercised its "prerogative to extend consideration of the proof to relevant matters occurring after the filing" of the mother's petition because "the father had ample opportunity to respond to these [*2]events and was not prejudiced thereby" (Matter of Charles AA. v Annie BB., 157 AD3d 1037, 1040 n 3 [2018]; see Matter of Chris X. v Jeanette Y., 124 AD3d 1013, 1015 [2015]).
We nevertheless agree with Family Court and the attorney for the child that the mother failed to demonstrate that a change in circumstances has occurred since entry of the 2015 order warranting an analysis of the child's best interests with respect to the father's parenting time (see Matter of Ronald EE. v Crystal F., 180 AD3d 1160, 1161 [2020], lv denied 35 NY3d 908 [2020]; Matter of Heasley v Morse, 144 AD3d 1405, 1406-1407 [2016]). Despite the parties' differences, testimony established that they were addressing the child's behavior together, and nothing in the record indicated that the behavior resulted from issues in the father's home, a deterioration of the relationship between the child and the father or from the schedule of parenting time (see Matter of Elizabeth S. v Ben T., 191 AD3d 1096, 1099 [2021]; compare Matter of Rosen v Rosen, 162 AD3d 1283, 1284 [2018]). To the extent that the parties gave inconsistent testimony as to their ability to communicate about the child, we defer to the credibility assessment and factual findings made by Family Court, which was in a superior position to evaluate the evidence before it (see Matter of Ramon ZZ. v Amanda YY., 189 AD3d 1913, 1915-1916 [2020]; compare Matter of Cooper v Williams, 161 AD3d 1235, 1237 [2018]; Matter of David ZZ. v Suzane A., 152 AD3d 880, 881-882 [2017]).
Further, and contrary to the mother's contention, the child's enrollment in school does not warrant reassessment of the parties' arrangement as their residences are located within the same school district and in close proximity to each other (compare Matter of Zachary C. v Janaye D., 199 AD3d 1267, 1269 [2021]; Matter of Colvin v Polhamus, 145 AD3d 1350, 1351 [2016]). As of the time of the order, the child attended school virtually each Monday for about an hour and in person for the full school day from Tuesday to Friday; thus, the 2015 order results in a roughly equal division of the child's home and school time between the parties. The father also testified that he could pick up the child at 8:45 a.m. on Thursdays to accommodate her 9:00 a.m. start time at school, which supports finding that the 2015 order remains workable (compare Matter of Labaff v Dennis, 160 AD3d 1096, 1096-1097 [2018]). Accordingly, we find that dismissal of the mother's petition is supported by a sound and substantial basis in the record (see Matter of Heasley v Morse, 144 AD3d at 1406-1407; Matter of Eller v Eller, 126 AD3d 1242, 1248 [2015]; compare Matter of Jessica HH. v Sean HH., 196 AD3d 750, 753 [2021]; Matter of Kelly CC. v Zaron BB., 191 AD3d 1101, 1103 [2021]).
Garry, P.J., Egan Jr., Clark and Aarons, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: In 2016, Family Court modified the 2015 order only with respect to major holidays. The father's weekly schedule of parenting time set out in the 2015 order controlled when the parties commenced the instant proceedings.
Footnote 2: Additionally, Family Court conducted a Lincoln hearing before issuing the appealed-from order.