■ In the Matter of the Arbitration between NICHOLAS J. GRASSO et al., Respondents, and MICHELLE GRASSO, as Successor Limited Administrator of the Estate of JOSEPH F. GRASSO, Deceased, and as Limited Administrator of the Estate of JOSEPH F. GRASSO JR., Deceased, Appellant. (And a Related Action.) [923 NYS2d 245]—

McCarthy, J. Appeals (1) from an order of the Supreme Court (Ferradino, J.), entered March 4, 2010 in Schenectady County, which, in a proceeding pursuant to CPLR article 75, among other things, granted petitioners' motion to hold respondent in contempt, (2) from the judgment entered thereon, and (3) from an order of said court, entered September 27, 2010 in Schenectady County, which denied respondent's motion for reconsideration.

Joseph F. Grasso (hereinafter decedent) commenced an action against his brother, petitioner Nicholas J. Grasso (hereinafter petitioner), and another individual, mainly seeking title to or the value of family-owned real property. The parties agreed to submit the issues to arbitration. In an August 2008 decision and an October 2008 modified decision, the arbitrator found, among other things, that petitioner was entitled to half of the proceeds received by decedent from the sale of a Florida motel property, reduced by certain payments that decedent made with respect to the property. The arbitrator also held that decedent was entitled to an accounting from and half the stock of petitioner Trans-American Management Corporation, and that petitioner was required to obtain that accounting and stock transfer. If petitioner did not do so, the arbitrator directed that an arbitration hearing be held to determine the corporation's value and that a judgment be issued to decedent against petitioner for half of that value, after offsetting certain other awards. Among those other awards was petitioner's share of the value of the Florida motel property.

Petitioners commenced this CPLR article 75 proceeding seeking to partially vacate the arbitrator's award. Decedent cross-petitioned to confirm the entire award. Decedent died and, upon a stipulation, Joseph F. Grasso Jr. (hereinafter Grasso Jr.) was substituted as a party—as representative of decedent's estate and in his individual capacity as holder of an assignment of decedent's assets—in both this proceeding and the underlying plenary action. In March 2009, Supreme Court granted petitioners' application, vacating the portions of the arbitration award that directly or indirectly required issuance of stock or an accounting from Trans-American, but confirming the remainder of the award. Grasso Jr. appealed that decision to this Court.

While that appeal was pending, petitioner moved in Supreme Court to hold Grasso Jr. in contempt for failing to comply with the court's order that he appear for a deposition and produce all documents relating to the sale of the Florida motel property, to effectuate the arbitrator's decision. The court granted the mo-

tion and precluded Grasso Jr. from producing any evidence of offsets with respect to the amount owed to petitioner from the proceeds of the sale of the Florida motel property. The court granted petitioner a judgment against Grasso Jr., individually and as administrator of decedent's estate, in the amount of $1,054,647.06. Grasso Jr. moved to reargue.

Shortly thereafter, this Court modified Supreme Court's March 2009 order by reversing so much thereof as vacated the portion of the arbitrator's modified award that directed an arbitration hearing to determine the net value of Trans-American, to be followed by a judgment against petitioner for half the value determined at the hearing (*Matter of Grasso [Grasso]*, 72 AD3d 1463 [2010], *lv denied* 15 NY3d 705 [2010]). Grasso Jr. converted his motion to one to renew and reargue, based partly upon this Court's decision. Due to an acknowledged mathematical error, the parties stipulated to entry of an amended judgment in the amount of $907,391.91, with Grasso Jr. reserving his right to contest the judgment. Supreme Court denied the motion for reconsideration. Grasso Jr. appealed from the order holding him in contempt, the judgment entered thereon,* and the order denying his motion for reconsideration. During the pendency of this appeal, Grasso Jr. died; respondent was substituted as limited administrator of his estate and successor limited administrator of decedent's estate.

Initially, respondent does not raise any arguments concerning the merits of Supreme Court's order holding Grasso Jr. in contempt and precluding him from introducing evidence regarding offsets from the value of the Florida motel property. Respondent has therefore abandoned any merits arguments. The only issues that respondent raises are whether Supreme Court should have entered a judgment at all, whether a judgment could be entered against Grasso Jr. individually, and the amount of the judgment.

Although Supreme Court did not err in initially entering a judgment, upon reconsideration the court should have withdrawn the judgment. The arbitrator held that decedent "shall not be required to make a cash payment to [petitioner] of one-half of the adjusted net profit from the sale of" the Florida motel property. Instead, the arbitrator held that when petitioner

---

* While Grasso Jr. did not file a notice of appeal from the amended judgment, and no appeal lies from a judgment that has been superceded, in the interest of justice we treat the appeal as taken from the amended judgment (*see* CPLR 5520 [c]; *Matter of Save the Pine Bush, Inc. v Common Council of City of Albany*, 56 AD3d 32, 36 n 5 [2008], *revd on other grounds* 13 NY3d 297 [2009]).

paid decedent his 50% share of the net value of Trans-American, that amount was to be reduced by the value of petitioner's interest in the Florida motel property. In his modified decision, the arbitrator directed that these provisions "remain without modification." Accordingly, pursuant to the arbitrator's decisions, one judgment should be entered resolving all of the claims between the parties, rather than multiple judgments dealing with separate claims in piecemeal fashion. Because Supreme Court vacated the portion of the arbitration award concerning Trans-American's stock or value, the court's initial judgment did not dishonor the arbitration award. Once the court received this Court's decision reinstating that portion of the award, however, Supreme Court's prior judgment violated the direction in the arbitration award. Upon reconsideration, the court should have vacated its judgment and withheld issuing a judgment until the value of respondent's interest in Trans-American is determined through arbitration, as required by the arbitration decisions and this Court's decision. We therefore vacate the judgment and amended judgment, and any such judgment is held in abeyance pending the determination of the value of respondent's interest in Trans-American.

Petitioner contends that the value of decedent's interest in Trans-American was an offset from the value of the Florida motel property. Thus, petitioner concludes that when Supreme Court precluded decedent from presenting evidence of any offsets from the value of the Florida motel property, this precluded decedent from obtaining any portion of the value of Trans-American. We disagree with this overbroad interpretation of Supreme Court's decision. The court's contempt finding and sanction were based upon Grasso Jr.'s dilatory and obstructionist tactics in relation to producing evidence directly related to the value, sale, taxes and other expenses of the Florida motel property. The logical conclusion is that the preclusion order—in which the court denied petitioner's request to strike decedent's pleadings—was more narrowly tailored to address the specific issue upon which disclosure was inappropriately being withheld. Additionally, the court had previously vacated the portion of the arbitration award providing for an offset of the value of Trans-American, and this Court had not yet reinstated that portion of the award. The court could not have intended to preclude evidence regarding an offset that did not then exist. Thus, the preclusion order does not preclude respondent from presenting evidence of the value of Trans-American.

Respondent contends that Supreme Court erred in entering the judgment against Grasso Jr. individually, as opposed to solely

in his capacity as the representative of decedent's estate. This issue is now moot, because we are vacating the judgment and amended judgment, and premature because after offsetting the value of decedent's interest in Trans-American, there might not be any judgment against the estates of Grasso Jr. or decedent. Accordingly, we need not decide the issue at this time.

Finally, Supreme Court issued the judgment utilizing $1,550,000 as the value of the Florida motel property. The arbitrator, however, found that decedent received $1,500,000 from the sale of that property. As that part of the arbitration award was previously confirmed, the court may not deviate from the amount that was determined in arbitration (*see Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332, 336 [2005]; *Matter of State of N.Y., Off. of Children & Family Servs. [Civil Serv. Empls. Assn., Inc.]*, 79 AD3d 1438, 1441 [2010]). Thus, any future judgment must be based upon the $1,500,000 value for that property. The parties' remaining contentions have been reviewed and are either unpreserved or lack merit.

Peters, J.P., Spain, Kavanagh and Stein, JJ., concur. Ordered that the order entered March 4, 2010 is modified, on the law, without costs, by reversing so much thereof as granted petitioner a judgment against Joseph F. Grasso Jr., and, as so modified, affirmed. Ordered that the order entered September 27, 2010 and the judgment are reversed, on the law, without costs, motion for reconsideration granted and judgment and amended judgment vacated.