*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 20, 2016                520826
_____

In the Matter of KRYSTAL R.
    STAFF,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

FRANK E. GELUNAS,
                    Appellant.

(And Two Other Related Proceedings.)
_____


Calendar Date:  September 13, 2016

Before:  McCarthy, J.P., Garry, Devine, Clark and Mulvey, JJ.

                    _____


        Christopher A. Pogson, Binghamton, for appellant.

        John M. Scanlon, Binghamton, for respondent.

        Andrew F. Bailey, Binghamton, attorney for the children.


                    _____


Garry, J.

        Appeal from an order of the Family Court of Broome County
(Young, J.), entered March 10, 2015, which, among other things,
granted petitioner's application, in a proceeding pursuant to
Family Ct Act article 6, for custody of the parties' children.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the parents of three children (born
in 2004, 2008 and 2011).  In June 2014, the mother filed a
petition requesting sole custody of the children due to the
father's incarceration in the Broome County Correctional

Facility.[1]  The father then filed two petitions seeking visitation and modification of the existing custody arrangement by granting custody to the maternal grandmother during his incarceration.  Family Court (Charnetsky, J.) issued a temporary order granting sole custody to the mother, with parenting time for the father as the parties were able to agree.  Thereafter, Family Court (Young, J.) dismissed the father's petitions without prejudice on procedural grounds.  Following a fact-finding hearing, the court awarded sole custody to the mother, directed that any contact between the father and children by phone or visit would occur as agreed between the parties, directed the mother to deliver mail to the children and permit them to write to the father, and reserved the father's right to seek modification upon his release from incarceration.  The father appeals.

The father claims that, in view of the mother's stated opposition to visitation, Family Court's award of parenting time and telephone contact as agreed upon between the parties — which lacks a schedule or any other requirement for such contact to occur — is tantamount to a denial of visitation.  We agree, and further find that the record wholly lacks any sound and substantial basis for this limitation on the father's access to the children.

In general, the law presumes that shared parenting, or visitation, between a child and a noncustodial parent is in the child's best interests.  Unless the presumption is rebutted by evidence that visitation would be harmful to the child, "Family Court is required to structure a schedule which results in frequent and regular access by the noncustodial parent.  The court's authority in this respect can no more be delegated to one of the parties than it can be to a child" (Matter of William BB. v Susan DD., 31 AD3d 907, 908 [2006] [internal quotation marks and citations omitted]).  The presumption applies with equal force to incarcerated parents, who are entitled to an appropriate

---

[1]  Both parties asserted that they had an order of joint custody, but no such order was ever located; the matter was ultimately treated as an initial proceeding.

schedule of contact with their children unless "it is demonstrated that under all the circumstances visitation would be harmful to the child[ren's] welfare, or that the right to visitation has been forfeited" (Matter of Granger v Misercola, 21 NY3d 86, 91 [2013]; see Matter of Kadio v Volino, 126 AD3d 1253, 1254 [2015]; Matter of Flood v Flood, 63 AD3d 1197, 1198 [2009]).

There is no such evidence upon the record here. The undisputed testimony established that the father and children had frequent, regular contact and enjoyed a positive relationship before his incarceration, and the attorney for the children stated that the children wished to have continued contact with him.[2]  The father, who had been incarcerated for approximately 18 months at the time of the hearing, had pleaded guilty to a charge of burglary in the third degree, was awaiting trial on other property-related charges in approximately three months and expected to be transferred to state prison thereafter for a period of somewhere between one and eight years. He testified that he had visited the children on a daily basis before his incarceration and had "[seen] them every day of their lives." After his incarceration, the mother had initially been agreeable to visits at the correctional facility, but later became unwilling to permit visits, and the father testified that she stopped answering telephone calls when he attempted to speak with the children. He stated that he had sent cards and messages to the children but had received no response. The father testified that the paternal grandfather was available to provide transportation for visits if the mother was unable to do so.[3]

---

[2]  The same attorney for the children who had represented the children in Family Court did so upon this appeal. The brief submitted on the children's behalf supports the court's determination making visits and telephone contact dependent upon the mother's agreement. There was no appearance for oral argument, and, thus, no opportunity for inquiry; notably, however, the brief does not indicate that there had been any change in the children's wishes.

[3]  The grandfather did not appear on the hearing date, but this potential was not apparently explored or developed in a

At the outset of the hearing, the mother's counsel advised Family Court that the mother was opposed to visitation at the correctional facility.  No reason for this opposition was provided at any time.  In her testimony, the mother confirmed that the father had seen the children daily before his incarceration, with no suggestion that any problems had later developed in his relationship with the children or that visits would be detrimental to them in any way.  She testified that she was unwilling to transport the children for visits, with no reason stated.[4]  As to telephone communication, she testified that she "wouldn't mind" if the father called the children, but that she would "rather not be involved," and "[i]f there could be a mutual person that he could call to talk to them if they wanted to talk to him that'd be fine."  Again, no reason for her reluctance was provided.

In view of the mother's stated opposition to visits and unwillingness to facilitate contact between the father and the children, and in the absence of any showing that visits would be harmful to the children, it was improper for Family Court to

_____

meaningful manner by either counsel for the father or the attorney for the children.  Upon this appeal, counsel for the mother offers sharp criticism for the father because the grandfather failed to take the appropriate legal steps to obtain authority for transporting the children to the local facility; this would appear to be a task with which legal assistance would be appropriate.

[4]  The mother's counsel indicated that there were restrictions on the mother's ability to transport the children to the local correctional facility because she was on probation.  Family Court and the parties apparently accepted this representation, as well as references to other visitation restrictions allegedly imposed by the correctional facility.  However, nothing in the record provides information about the restrictions, nor does it appear that there was consideration as to whether such alleged restrictions would continue to affect visitation arrangements after the father's impending transfer to state prison.

delegate its authority to the mother by making the father's access to the children contingent upon her agreement (see Matter of Taylor v Jackson, 95 AD3d 1604, 1605 [2012]). The court's brief bench decision set forth no reason for limiting the father's access in this fashion and made no findings as to whether visitation with the father was in the children's best interests. This Court has the authority to correct such deficiencies by exercising our independent review power (see Matter of Knight v Knight, 92 AD3d 1090, 1091 [2012]; compare Matter of McGovern v McGovern, 58 AD3d 911, 915 [2009]). Upon review, we find the record sufficiently complete to permit a determination that it is in the children's best interests to have regular telephone contact and some reasonable level of in-person parenting time with the father.

From the record, it appears that an appropriate order reflecting the children's best interests would have directed a schedule of visitation at the local correctional facility, with transportation arrangements to be the father's responsibility, and also established a method and schedule for consistent telephone communication, together with the mail contact privileges that Family Court did direct (see e.g. Matter of Telfer v Pickard, 100 AD3d 1050, 1051 [2012]; Matter of Culver v Culver, 82 AD3d 1296, 1299-1300 [2011], appeal dismissed 16 NY3d 884, lv denied 17 NY3d 710 [2011]; Matter of Lewis v Lowney, 296 AD2d 624, 625 [2002]). The order should further have provided the parties with the right to seek modification of the in-person visitation schedule, if necessary for logistical reasons, following the father's expected transfer from the local correctional facility to state prison. However, in view of the time that has passed since the fact-finding hearing and the anticipated changes in the father's incarceration status in the interim, the record does not now permit a determination of the appropriate arrangements. Accordingly, the matter must be remitted to Family Court for a further hearing, for the purpose of obtaining updated information and the crafting of an order that will provide the father with access to the children consistent with their best interests. In view of this determination, we do not address the father's remaining contentions.

McCarthy, J.P., Devine, Clark and Mulvey, JJ., concur.


ORDERED that the order is modified, on the law and the facts, without costs, by reversing so much thereof as granted visitation and telephone contact with the children to respondent as agreed upon between the parties; matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court