Garry, J. Appeal from an order of the Family Court of Rens-selaer County (Cholakis, J.), entered June 9, 2016, which, among other things, partially granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody. Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the divorced parents of a child (born in 2002). In 2011, the parties entered into a stipulation that was later incorporated into a court order, by which they shared legal custody, and the mother had primary physical custody of the child, with parenting time to the father. In November 2015, the father petitioned for sole custody alleging, among other things, that the mother had denied him visitation and had allowed the child to maintain contact with a certain boy, over his objection. In turn, the mother cross-petitioned to temporarily restrict the father’s parenting time, as the child was refusing to visit with the father. During an initial appearance on the matter, Family Court directed that the child lose cell phone and Internet access and that the boy be “off limits.” The father thereafter filed four additional petitions alleging that the mother had violated the 2011 order by depriving him of visitation and failing to comply with an agreement to allow no contact with the boy. Following fact-finding and Lincoln hearings, Family Court dismissed the mother’s petition and granted the father’s petitions in part, finding the mother in willful violation of the 2011 order and awarding the father sole legal custody and the parents equal shared physical custody— thereby increasing the father’s parenting time by two nights in a two-week period. The mother appeals.[1] “A parent seeking to modify an existing custody order first must demonstrate that a change in circumstances has occurred since the entry thereof... to warrant the court undertaking a best interests analysis in the first instance; assuming this threshold requirement is met, the parent then must show that modification of the underlying order is necessary to ensure the child’s continued best interests” (Matter of Woodrow v Arnold, 149 AD3d 1354, 1356 [2017] [internal quotation marks and citations omitted]; see Matter of Tracey L. v Corey M., 151 AD3d 1209, 1210 [2017]). Here, several relevant facts are undisputed. In October and November 2015, the father discovered text messages of a sexual nature exchanged between the child and her 15-year-old church youth leader, and nude photographs that the child had taken of herself at the mother’s home.[2] The father informed the mother of these circumstances and expressly indicated his wish that the child lose access to her cell phone, have no contact with the boy, and cease attending the church where the boy served as a youth leader. The mother thereafter acquiesced to the child’s requests to not visit with the father for roughly two months, asserting that the child was “old enough” to decide.[3] Subsequently, the mother also, without consulting with the father, returned the cell phone to the child and permitted her to attend the church youth group and to have further contact with the boy. Under these circumstances, Family Court properly proceeded with a best interests analysis (see Matter of Joseph WW. v Michelle WW., 118 AD3d 1054, 1055 [2014]; Matter of Smith v Miller, 4 AD3d 697, 698 [2004]; Matter of Betancourt v Boughton, 204 AD2d 804, 806-807 [1994]). Contrary to the mother’s contentions, Family Court’s determination of the child’s best interests properly weighed the relevant factors, including the child’s wishes and stability and each parent’s respective home environments, past performance, willingness to foster the child’s relationship with the other parent and ability to provide for the child’s emotional development (see Matter of Cheryl YY v Cynthia YY, 152 AD3d 829, 833 [2017]; Matter of Kilmartin v Kilmartin, 44 AD3d 1099, 1102 [2007]). A court’s factual findings in this regard “are entitled to . . . deference and its determination should not be disturbed as long as it is supported by a sound and substantial basis in the record” (Matter of Erick X. v Keri Y., 138 AD3d 1202, 1204-1205 [2016]). Here, acknowledging that the mother had been the primary caretaker, Family Court found both the mother and the father to be loving and fit parents. Although the child shared more interests with the mother than the father, the court found it significant that the child had a close relationship with the father’s wife, whereas the stepfather was rarely mentioned. In weighing the remaining factors in favor of the father, the court noted the mother’s failure to bring the child to visitation for roughly two months and her actions in showing the child documents related to these custody proceedings. Significantly, the mother’s response to the sexual relationship between the child and the boy was found to be troubling; the mother acknowledged this to be her “worst parenting mistake.” In this regard, Family Court found that the mother had “persisted in downplaying” the seriousness of the issue relative to the continuing contact with the boy. The court considered the child’s desire to spend more time with the mother, which is not controlling (see Matter of Yetter v Jones, 272 AD2d 654, 656 [2000]), but also noted that it was not unusual for a child to prefer the less-restrictive parent. The evidence reveals the parties’ inability to communicate effectively regarding the child. Notwithstanding their numerous discussions, occurring both in court and out of court, the mother continued to undermine the father and to act contrary to his express wishes. The mother testified that she “knew [the father] was not in agreement” with allowing the child’s continued contact with the boy and that she did not make a “joint decision[ ].” Nonetheless, she unilaterally decided to permit the child to have physical contact with the boy, and to attend the church where he served as her youth leader and his baseball game. She further acknowledged that a message that she had sent to the father “threaten [ed] to file court papers if he didn’t allow [the child] to do what she wanted on his time.” In sum, although the parties are able to communicate, there is scant evidence that the mother is willing to accept or act upon that communication; instead, after speaking with the father, she disregards his requests and opinion regarding essential parenting issues, and fails to acknowledge that it is important to do so. Upon this record, a sound and substantial basis supports the determination awarding the parents equal shared physical custody and the father sole legal custody, while directing him to “solicit and reasonably consider” the mother’s input regarding any major decisions (see Matter of Emmanuel SS. v Thera SS., 152 AD3d 900, 903 [2017], lv denied 30 NY3d 905 [2017]; Matter of Berezny v Raby, 145 AD3d 1356, 1358 [2016]; Matter of Scialdo v Kernan, 14 AD3d 813, 814-815 [2005]). Similarly, the record supports Family Court’s finding that the mother willfully violated the 2011 order by her admitted failure to bring the child to visitation and by her discussion of court proceedings with the child, as well as the court’s bench order by permitting the child to have further contact with the boy and returning her cell phone (see Matter of Keefe v Adam, 85 AD3d 1225, 1227 [2011]; Matter of Cobane v Cobane, 57 AD3d 1320, 1322-1323 [2008], lv denied 12 NY3d 706 [2009]; Matter of Aurelia v Aurelia, 56 AD3d 963, 964-965 [2008]). Finally, we find no merit in the mother’s contentions that Family Court erred in denying her trial counsel’s requests for adjournments due to a dental appointment and to call the child’s therapist as a witness. Whether to grant or deny an adjournment rests within the trial court’s sound discretion, and such “requests should be granted only upon a showing of good cause” (Matter of Dench-Layton v Dench-Layton, 151 AD3d 1199, 1200 [2017] [internal quotation marks and citation omitted]; see Matter of Steven B., 6 NY3d 888, 889 [2006]; Matter of Jason N., 178 AD2d 793, 795 [1991]). It does not appear, upon reviewing the record, that the mother’s counsel was limited or restricted in any manner from acting upon the mother’s behalf in the course of the hearing. Further, the request for a continuance to call the child’s therapist as a witness was made near the close of the hearing, without prior notice, and no specific reason for the testimony was set forth. Peters, P.J., and Aarons, J., concur. . Although the attorney for the child also filed a notice of appeal, he failed to file a brief. . The photographs were discovered on the father’s shared data drive, to which the child’s phone was linked via the Internet. . At the time of the hearing, the child had resumed visitation with the father.