Matter of Damian R. v Lydia S. (2020 NY Slip Op 02135)





Matter of Damian R. v Lydia S.


2020 NY Slip Op 02135


Decided on April 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 2, 2020

527156

[*1]In the Matter of Damian R., Respondent,
v
Lydia S., Appellant.

Calendar Date: February 18, 2020

Before: Egan Jr., J.P., Lynch, Mulvey, Devine and Colangelo, JJ. 


Adam H. Van Buskirk, Auburn, for appellant.
Renee Albaugh, Accord, for respondent.
Palmer J. Pelella, Binghamton, attorney for the child.



Mulvey, J.
Appeal from an order of the Family Court of Broome County (Connerton, J.), entered July 11, 2018, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the subject child.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of the subject child (born in 2009). The child, who has been diagnosed with attention deficit hyperactivity disorder and autism, resided with the mother in Pennsylvania until June 2014, then in Virginia. The father, who lives in the City of Binghamton, Broome County, generally had contact with the child only by phone until they began having visits in 2016. In the summer of 2017, due to the mother having financial difficulties and her assertion that the child's behavior was out of control, the parents agreed that the child would live with the father for the 2017-2018 school year. Shortly after the child arrived in Binghamton, the father commenced this initial custody proceeding. Following a hearing, Family Court awarded joint legal custody, primary physical custody to the father and parenting time to the mother at least once per month, six weeks in the summer, shared holidays and nightly phone calls. The mother appeals.
We affirm. In an initial custody proceeding, Family Court's paramount consideration is to determine the custodial arrangement that would promote the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of Samantha GG. v George HH., 177 AD3d 1139, 1140 [2019]; Matter of Patricia RR. v Daniel SS., 172 AD3d 1471, 1472 [2019]). "Inasmuch as Family Court is in a superior position to evaluate witness credibility, we defer to its factual findings and only assess whether its determination is supported by a sound and substantial basis in the record" (Matter of Patricia RR. v Daniel SS., 172 AD3d at 1472 [citations omitted]).
Family Court heard testimony from both parents, an aunt, the mother's friend and the child's teacher. Both parents have appropriate homes and obviously love the child. Each indicated a willingness to foster a relationship with the other parent, and acknowledged that they have discussed the child's schooling and medical issues. The father now takes the child to medical appointments and counseling and has continued his medications. Testimony indicated that the child is very quiet but has come out of his shell since living with the father. In Virginia, the child had frequent behavior problems in school, such that the school was calling the mother up to three times per week to either speak to the child or take him home early. The mother began having the school call the father — in Binghamton — to deal with the child and calm him down. According to the mother, the child had been "out of control" to the point that she asked the father to care for him for a year. According to the father and the child's teacher, since living with the father, the child had not had any bad behaviors and was thriving in school. Family Court was impressed by the child's improvement in his behavior while in the Binghamton school system and the custody of his father, and found that "[t]his is the first time in several years where he has made progress with his behaviors and the teachers . . . are able to manage his behavior so that he spends his day in school." Under the circumstances, and giving deference to Family Court's factual findings, the determination to award primary physical custody to the father is supported by a sound and substantial basis in the record (see Matter of Dennis F. v Laura G., 177 AD3d 1110, 1112 [2019]; Matter of Dwayne S. v Antonia T., 170 AD3d 1451, 1452 [2019]).
Egan Jr., J.P., Lynch, Devine and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.