Matter of Jerry VV. v Jessica WW. (2020 NY Slip Op 05005)





Matter of Jerry VV. v Jessica WW.


2020 NY Slip Op 05005


Decided on September 17, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 17, 2020

528421

[*1]In the Matter of Jerry VV., Respondent,
v
Jessica WW., Appellant, et al., Respondent.

Calendar Date: August 19, 2020

Before: Egan Jr., J.P., Clark, Mulvey, Devine and Pritzker, JJ.


Matthew C. Hug, Albany, for appellant.
Alexander W. Bloomstein, Hillsdale, for respondent.
Michelle I. Rosien, Philmont, attorney for the child.



Mulvey, J.
Appeal from an order of the Family Court of Greene County (Tailleur, J.), entered January 14, 2019, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the subject child.
After respondent Jessica WW. (hereinafter the mother) was arrested for, among other things, violating probation, petitioner (hereinafter the father) filed a petition seeking custody of their child (born in 2007).[FN1] Family Court granted the father temporary custody of the child. At a November 2018 appearance, with the mother appearing by telephone, the court scheduled a December 2018 hearing. Before the hearing occurred, the mother was unsuccessfully discharged from a drug treatment program, she absconded and a warrant was issued for her arrest. At the December 2018 fact-finding hearing, the mother failed to appear, prompting her counsel to request an adjournment. Family Court denied the request and proceeded with the hearing. Thereafter, the court granted the father's petition, awarding him sole legal and physical custody of the child. The mother appeals.
"A party may not appeal from an order entered on default (see CPLR 5511), but a party's absence does not necessarily constitute a default, particularly where counsel appears upon the absent party's behalf[,] offers an explanation for his or her failure to attend" (Matter of Linger v Linger, 150 AD3d 1444, 1445 [2017] [internal quotation marks and citations omitted]; see Matter of Kargoe v Mitchell, 12 AD3d 978, 979 [2004], lv dismissed 4 NY3d 794 [2005]), "objects to a finding of default, and actively participates by cross-examining witnesses, offering proof or making motions or arguments" (Matter of Myasia QQ. [Mahalia QQ.], 133 AD3d 1055, 1056 [2015]; see Matter of Daniels v Davis, 140 AD3d 1688, 1688 [2016]; Matter of Cassandra M., 260 AD2d 961, 962 [1999]). The mother's counsel attended the fact-finding hearing. Although she offered a weak explanation for the mother's nonappearance, counsel objected to a default finding, unsuccessfully requested an adjournment and actively participated in the hearing by cross-examining the sole witness, objecting to the admission of documents and presenting a closing argument. Under the circumstances, we conclude that the order was not entered on default and is appealable (see Matter of Amanda I. v Michael I., 185 AD3d 1252, 1253-1254 [2020]; Matter of Linger v Linger, 150 AD3d at 1445; Matter of O'Leary v Frangomihalos, 89 AD3d 948, 949 [2011]; compare Matter of Corey MM. [Cassandra LL.], 177 AD3d 1119, 1120-1121 [2019]).
Family Court did not abuse its discretion in denying the adjournment sought by the mother's counsel. Family Court "may adjourn a fact-finding hearing . . . for good cause shown," and such a determination is a matter resting within the court's sound discretion (Family Ct Act § 626 [a]; see Matter of Thompson v Wood, 156 AD3d 1279, 1282 [2017]; Matter of Dench-Layton v Dench-Layton, 151 AD3d 1199, 1200 [2017]). The court had previously adjourned the matter, found the excuse for the mother's nonappearance suspect and knew that she was the subject of an outstanding arrest warrant. Without knowing when the mother would be taken into custody, the court could not reschedule the hearing for a date certain, rendering it difficult to establish permanency for the child. Accordingly, we find no abuse of discretion in the court's denial of the adjournment request (see Matter of Jack NN. [Sarah OO.], 173 AD3d 1499, 1500-1501 [2019], lvs denied 34 NY3d 904 [2019]; Matter of Jayden T. [Amy T.], 118 AD3d 1075, 1076 [2014]; see also Matter of Aida B. v Alfredo C., 114 AD3d 1046, 1048 [2014]).
As for the merits, "[i]n an initial custody proceeding, Family Court's paramount consideration is to determine the custodial arrangement that would promote the best interests of the child" (Matter of Damian R. v Lydia S., 182 AD3d 650, 651 [2020]; see Matter of Amanda YY. v Ramon ZZ., 167 AD3d 1260, 1261 [2018]). Considering that Family Court is in a superior position to evaluate testimony and assess credibility of witnesses, we accord great deference to the hearing court's custody determination and will not disturb it if supported by a sound and substantial basis in the record (see Matter of Damian R. v Lydia S., 182 AD3d at 651; Matter of Amanda YY. v Ramon ZZ., 167 AD3d at 1261). Here, the mother had criminal charges pending, was unsuccessfully discharged from a drug treatment program, had absconded and was the subject of an outstanding arrest warrant. Her whereabouts were unknown and she was facing possible incarceration. In the previous six months, while the child was living with the father under the temporary order, the mother called the child only three times and occasionally communicated with him through social media. During that same time, the father obtained counseling for the child, who was involved in a sports league, had made friends and achieved the honor roll at school for the first time. The father testified that he would allow visitation with the maternal grandmother and would encourage a relationship between the child and the mother. Thus, the record contains a sound and substantial basis for Family Court's order granting the father sole legal and physical custody of the child.
Egan Jr., J.P., Clark, Devine and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The maternal grandmother was also named as a respondent in this proceeding and filed a separate petition seeking custody. The grandmother's petition was dismissed, and she is no longer involved in this matter.