Matter of Matthew L. v Sierra N. (2024 NY Slip Op 03571)

Matter of Matthew L. v Sierra N.

2024 NY Slip Op 03571

Decided on July 3, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 3, 2024

CV-23-0739
[*1]In the Matter of Matthew L., Respondent,
v
Sierra N., Appellant. (And Two Other Related Proceedings.)

Calendar Date:May 28, 2024

Before:Garry, P.J., Egan Jr., Lynch, Fisher and Powers, JJ.

John A. Cirando, Syracuse, for appellant.
Lisa K. Miller, McGraw, for respondent.
Pamela B. Bleiwas, Ithaca, attorney for the child.

Egan Jr., J.
Appeals from a decision and an order of the Family Court of Cortland County (Julie A. Campbell, J.), entered March 30, 2023 and April 11, 2023, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2020). Under the terms of a March 2021 order entered upon consent, the parties were awarded joint legal custody, with the mother having primary physical placement of the child and the father afforded parenting time. The father commenced a modification proceeding in May 2022 and, in an amended petition filed in September 2022, sought sole legal custody of the child and primary physical placement. The amended petition was prompted by a September 2022 incident in which the mother became so disruptive during a medical appointment and its aftermath that there were concerns regarding her mental health and the safety of the child in her care. The incident also caused the father to seek a temporary order awarding him sole legal and physical custody and, in October 2022, Family Court granted that relief and limited the mother to supervised visitation.
The mother filed two petitions in December 2022, one alleging that the father had violated the temporary order in various respects and the other seeking to modify the custodial arrangement to award her sole legal custody and primary physical placement of the child. Following a hearing on the dueling modification petitions and the mother's violation petition, Family Court issued a decision in March 2023 finding, in relevant part, that the best interests of the child lie in awarding the father sole legal custody and physical placement and limiting the mother to supervised visitation.[FN1] Family Court subsequently issued an order in April 2023 which effectuated the terms of that decision. The mother separately appeals from the decision and the order.
As no appeal lies from a decision, the mother's appeal from such is dismissed (see CPLR 5512 [a]; Family Ct Act § 1112 [a]; Matter of Steven U. v Alisha V., 209 AD3d 1184, 1184 n 2 [3d Dept 2022]). As for her appeal from the order, we affirm.
Modification of an existing custody arrangement will only be ordered if the petitioning parent demonstrates a change in circumstances since the entry of the custody order (see Matter of Frankie CC. v Rachel CC., 225 AD3d 1112, 1114 [3d Dept 2024]; Matter of John EE. v Jalyssa GG., 222 AD3d 1219, 1220-1221 [3d Dept 2023]). The mother concedes, and our review of the record confirms, that such a change occurred here given the deterioration in the relationship between the parties after the entry of the March 2021 order and the ensuing inability to effectively coparent (see Matter of John EE. v Jalyssa GG., 222 AD3d at 1221). The question therefore turns to what custodial arrangement would serve the best interests of the child, and [*2]the "[f]actors to be considered in a best interests analysis include maintaining stability in the child's life, the quality of the respective home environments, the length of time the present custody arrangement has been in place and each party's past performance, relative fitness and ability to provide for and guide the child's intellectual and emotional development" (Matter of Daniel XX. v Heather WW., 180 AD3d 1166, 1166 [3d Dept 2020] [internal quotation marks and citations omitted]; accord Matter of Barrett LL. v Melissa MM., 224 AD3d 942, 943 [3d Dept 2024]; see Matter of Alicia SS. v Andrew RR., 224 AD3d 1207, 1209 [3d Dept 2024]). We accord great deference to the factual findings and credibility determinations of Family Court in assessing those factors and rendering its custodial determination, and we will not disturb that determination so long as it is supported by a sound and substantial basis in the record (see Matter of Barrett LL. v Melissa MM., 224 AD3d at 943; Matter of David V. v Roseline W., 217 AD3d 1112, 1113 [3d Dept 2023], lv denied 40 NY3d 905 [2023]).
The father testified that, although the mother was the primary caregiver for the child under the terms of the March 2021 order, she was a volatile custodian, improperly restricting the father's scheduled parenting time at some points if he failed to assist her in various ways and leaving the child with the father for prolonged periods of time at others. Indeed, the father explained that he sought to modify the custodial arrangement in May 2022 because the mother had asked him to care for the child in April 2022 and then, citing various perceived medical ailments and medical appointments, left the child with him for several weeks with no indication as to when she would resume caring for the child.[FN2] The father made clear, in fact, that the mother only sought to resume caring for the child once she was served with that modification petition. The evidence further reflected that the father obtained temporary custody of the child in October 2022 because of an incident in which the mother went to the hospital to seek medical attention with the child in her care, then became so disruptive when the physician declined to provide her with pain medication that the staff, concerned about both her mental health and the safety of the child, contacted the police and asked the father to come and take the child. The record reflects, in short, that serious questions exist regarding the mother's mental and physical health and her ability to consistently care for the child.
Since October 2022, the child has been primarily residing with the father, the child's paternal grandmother, and the child's half brothers, and the father testified that the child is doing well there. Notwithstanding the mother's suspicions — which have been the subject of numerous child protective and police reports, all of which have been investigated and none of which have been substantiated — Family Court found no reason to [*3]doubt that the father had been appropriately caring for the child in all respects. It further appeared from the hearing evidence that, despite the mother's lack of consistency in exercising her visitation rights and her evident distrust of the father, the father continued to encourage her relationship with the child and tried to accommodate her requests to change the time of her visits. According deference to Family Court's apparent assessment that the father's testimony was credible, we are satisfied that the record provides a sound and substantial basis for Family Court's determination that an award of sole legal custody and physical placement to the father, with supervised visitation to the mother, was in the best interests of the child (see Matter of John EE. v Jalyssa GG., 222 AD3d at 1222; Matter of John M. v Tashina N., 218 AD3d 935, 937-938 [3d Dept 2023]; Matter of Jessica HH. v Sean HH., 196 AD3d 750, 753-755 [3d Dept 2021]).
Garry, P.J., Lynch, Fisher and Powers, JJ., concur.
ORDERED that the appeal from the decision is dismissed, without costs.
ORDERED that the appeal from the order is affirmed, without costs.

Footnotes

Footnote 1: Family Court also addressed the mother's violation petition by determining that the father had committed "a technical violation of" the temporary order and reminding him to comply with his custodial obligations. The mother offered no argument regarding that ruling in her main brief on appeal, and has therefore abandoned any challenge thereto (see Matter of Barrett LL. v Melissa MM., 224 AD3d 942, 943 [3d Dept 2024]).

Footnote 2: The mother claimed to suffer from an array of physical and mental ailments, and reiterated those claims in her hearing testimony. Family Court accurately noted that there was no medical evidence confirming the existence of those ailments, and that their nature and extent were "unclear." It was also unclear as to whether, or how successfully, any actual medical problems suffered by the mother were being treated by the time of the hearing. What was clear, however, was that those perceived ailments periodically made it difficult for the mother to care for herself and the child.