Matter of C.M. v Z.N. (2024 NY Slip Op 04427)

Matter of C.M. v Z.N.

2024 NY Slip Op 04427

Decided on September 12, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 12, 2024

CV-23-1269
[*1]In the Matter of C.M., Appellant,
v
Z.N., Respondent. (And Another Related Proceeding.)

Calendar Date:August 15, 2024

Before:Garry, P.J., Egan Jr., Clark, Fisher and McShan, JJ.

John A. Cirando, Syracuse, for appellant.
Robert C. Kilmer, Owego, for respondent.
Peter P. Charnetsky, Vestal, attorney for the child.

Clark, J.
Appeals from a decision and an amended order of the Family Court of Tioga County (Adam R. Schumacher, J.), entered June 15, 2023, which, in two proceedings pursuant to Family Ct Act article 6, dismissed petitioner's application to, among other things, modify a prior order of custody and visitation, and awarded sole custody to respondent.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of one child (born in 2008). Pursuant to a 2015 judgment of divorce, the parties shared legal custody of the child, while the mother was granted primary physical custody and the father had specified periods of parenting time. After a neglect proceeding was commenced against the mother in Connecticut, where she and the child resided, the child began residing with the father in Tioga County in December 2020. Then, in April 2022, the mother consented to an adjudication of neglect and to an order granting sole physical custody to the father and joint legal custody to both parents.[FN1]
The mother filed the instant modification petition in October 2022 seeking "immediate and frequent visitation" with the child. The mother also filed a petition alleging that the father had violated a prior Connecticut temporary order that set forth specific periods of parenting time. Following a fact-finding hearing on both petitions, Family Court issued a written decision finding that the parties were unable to coparent and that the mother had failed to establish that the father violated a prior order. The court also issued a concurrent order modifying the Connecticut order by awarding sole legal and primary physical custody of the child to the father and granting the mother parenting time as the parties agree, taking into consideration the child's wishes. Days later, Family Court issued an amended order, identical in every respect except that it removed the language considering the child's wishes; as such, the mother's parenting time was directed to occur as the parties agree. The mother appeals from Family Court's written decision and from the amended order.[FN2]
Initially, although Family Court did not expressly find that the mother established the requisite change in circumstances, the parties agree that such a showing was made. Here, the breakdown of the mother's relationship with the child suffices to establish a change in circumstances necessitating an inquiry into whether modification of the prior order would serve the best interests of the child (see Matter of Lora PP. v Alphonso PP., 221 AD3d 1321, 1322 [3d Dept 2023]; Matter of Laura E. v John D., 216 AD3d 1274, 1274 [3d Dept 2023]). On appeal, the mother challenges two aspects of Family Court's amended order: the granting of sole legal custody to the father and the delegation of the mother's parenting time to the father.[FN3] The father and the attorney for the child argue that the amended order is supported by a sound and substantial basis in the record. We agree with the mother on both grounds [*2]and therefore reverse.
As to legal custody, we note that "joint legal custody is an aspirational goal in every custody matter[ but] . . . may not be feasible or appropriate in cases where the parents are unable to effectively and directly communicate with one another to care for the child's needs" (Matter of Brenna EE. v Andrew DD., 214 AD3d 1039, 1040 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Christina E. v Clifford F., 200 AD3d 1111, 1112 [3d Dept 2021]). Here, the mother was the sole witness to testify at the fact-finding hearing, and the breadth of her testimony focused on the difficulties she faced in exercising parenting time with the subject child. The mother admitted that the child had directly expressed reluctance to spending time together, but she repeatedly posited that the child's statements were a reflection of the father's sabotage. Family Court did not find such accusations credible, but the mother's testimony reveals that there is acrimony between the parties. However, even deferring to Family Court's credibility determinations (see Matter of John EE. v Jalyssa GG., 222 AD3d 1219, 1221 [3d Dept 2023]; Matter of Thomas BB. v Jessica YY., 219 AD3d 1578, 1580 [3d Dept 2023]), the record is devoid of any indication that the parties are unable to effectively communicate to meet the child's needs, or that joint legal custody has been otherwise rendered unfeasible or inappropriate (see Matter of David JJ. v Verna-Lee KK., 207 AD3d 841, 844 [3d Dept 2022]; compare Matter of Brett J. v Julie K., 209 AD3d 1141, 1143-1144 [3d Dept 2022]; Matter of Sabrina B. v Jeffrey B., 179 AD3d 1339, 1341-1342 [3d Dept 2020]). As the record lacks support for granting the father sole legal custody, we must reverse that portion of the amended order and revert the parties to joint legal custody pursuant to the April 2022 Connecticut order (see Matter of Adams v Bracci, 61 AD3d 1065, 1067 [3d Dept 2009], lv denied 12 NY3d 712 [2009]).[FN4]
As to the parenting time schedule, parenting time with a noncustodial parent is presumed to be in a child's best interests, and Family Court is required to craft a schedule that allows that parent frequent and regular access to the child, unless it finds that doing so would be inimical to the child's welfare (see Matter of Chad KK. v Jennifer LL., 219 AD3d 1581, 1584 [3d Dept 2023]; Matter of Jessica HH. v Sean HH., 196 AD3d 750, 755-756 [3d Dept 2021]). The court made no such finding here. Instead, Family Court improperly delegated the parenting time determination to the father, and this error requires reversal (see Matter of Theressa M. v Gaddiel M., 228 AD3d 1040, 1040-1041 [3d Dept 2024]; Matter of Jessica HH. v Sean HH., 196 AD3d at 755; Matter of Staff v Gelunas, 143 AD3d 1077, 1079-1080 [3d Dept 2016]). Although we are empowered to reach such determination, the record on appeal is insufficient to permit the necessary inquiry, so we must remit the matter to Family Court for a new hearing [*3]to determine whether parenting time with the mother is appropriate or whether it would be detrimental to the child's welfare (see Matter of Theressa M. v Gaddiel M., 228 AD3d at 1041; Matter of Jessica HH. v Sean HH., 196 AD3d at 755-756; Matter of Jill Q. v James R., 185 AD3d 1106, 1110 [3d Dept 2020]). In reaching such determination, the court should consider the child's age and give considerable weight to her wishes, but such consideration is not dispositive (see e.g. Matter of Lora PP. v Alphonso PP., 221 AD3d at 1324; Matter of Ajmal I. v LaToya J., 209 AD3d 1161, 1164 [3d Dept 2022]). Rather, Family Court must make its own determination as to the propriety of awarding the mother parenting time. Ultimately, if awarding time, the court must focus on the child's best interests and "consider the type of parenting time warranted by the record evidence (e.g., therapeutic visitation, supervised parenting time, unsupervised parenting time, etc.), the amount, duration and location of such parenting time (e.g., a graduated schedule, overnight parenting time . . . , etc.) and any other provisions that would develop and/or promote a healthy and meaningful relationship between the [mother] and the child[ ] (e.g., reasonable phone/video contact, written communication, etc.)" (Matter of Benjamin V. v Shantika W., 207 AD3d 1017, 1021-1022 [3d Dept 2022]; accord Matter of Laura E. v John D., 216 AD3d at 1277).
Additionally, although not raised by the parties, we take this opportunity to remind Family Court that statements made by a child during a Lincoln hearing carry no independent evidentiary value (see Matter of Lincoln v Lincoln, 24 NY2d 270, 273 [1969]; Matter of Christine TT. v Dino UU., 143 AD3d 1065, 1068 [3d Dept 2016]), and that such statements must remain confidential to protect children in custody proceedings "from having to openly choose between parents or openly divulging intimate details of their respective parent/child relationships" (Matter of Heasley v Morse, 144 AD3d 1405, 1408 [3d Dept 2016] [internal quotation marks and citation omitted]; see Matter of John M. v Tashina N., 218 AD3d 935, 938-39 [3d Dept 2023]). As we have explained, information shared by a child during a Lincoln hearing may serve "to corroborate other evidence adduced at a fact-finding hearing or to ascertain a child's thoughts and feelings regarding the crafting of a custodial arrangement, [but] such considerations must remain silent to ensure that the child's right to confidentiality is protected" (Matter of John M. v Tashina N., 218 AD3d at 939).[FN5]
The parties' remaining contentions, to the extent not expressly addressed herein, have been considered and are either academic or lack merit.
Garry, P.J., Egan Jr., Fisher and McShan, JJ., concur.
ORDERED that the appeal from the decision is dismissed, without costs.
ORDERED that the amended order is reversed, on the law, without costs, matter remitted to the Family Court of Tioga County for further proceedings not [*4]inconsistent with this Court's decision, and, pending said proceedings, the terms of the April 2022 Connecticut order shall remain in effect.

Footnotes

Footnote 1: The April 2022 Connecticut order grants the parents "joint guardianship," the equivalent of joint legal custody (see Conn Gen Stat § 45a-604 [5]).

Footnote 2: Although the mother's appeal from the order was superseded by the issuance of the amended order days later, the amended order was included in the record on appeal, and we exercise our discretion to treat the appeal as having been taken from the amended order (see CPLR 5520 [c]; Matter of Nakya SS. [Aziza TT.], 173 AD3d 1279, 1279 n [3d Dept 2019]; Matter of Grasso, 84 AD3d 1491, 1493 n 1 [3d Dept 2011]). The mother's appeal from Family Court's decision must be dismissed, as that is a nonappealable paper (see CPLR 5512 [a]; Matter of Steven U. v Alisha V., 209 AD3d 1184, 1184 n 2 [3d Dept 2022]), but her arguments regarding said decision are properly reviewable through her appeal from the amended order (see Matter of Quick v Glass, 151 AD3d 1318, 1319 n 3 [3d Dept 2017]).

Footnote 3: The mother raised no arguments about Family Court's dismissal of the mother's violation petition, rendering any challenge thereto abandoned (see Matter of Patricia Y. v Justin X., 219 AD3d 1586, 1587 n 1 [3d Dept 2023]).

Footnote 4: Although not raised by the parties on appeal, we note that the mother's modification petition sought to have Family Court "review physical custody" and grant her "immediate and frequent" parenting time with the subject child, and the father did not file a petition. As the mother's petition and her testimony all focused on issues of physical custody and parenting time, legal custody of the subject child does not appear to have been at issue (see Matter of Terry I. v Barbara H., 69 AD3d 1146, 1149 [3d Dept 2010]; Matter of Adams v Bracci, 61 AD3d at 1067; compare Matter of Jillian EE. v Kane FF., 165 AD3d 1407, 1408 [3d Dept 2018], lv denied 32 NY3d 912 [2019]; Matter of Vanita UU. v Mahender VV., 130 AD3d 1161, 1163 [3d Dept 2015], lv dismissed 26 NY3d 998 [2015]).

Footnote 5: At a Lincoln hearing, Family Court should tell the child that it will keep the information shared by the child confidential, and it should keep that promise by sealing the transcript of the Lincoln hearing (see Matter of Heasley v Morse, 144 AD3d at 1408). Additionally, the court should refrain from promising the child any particular outcome in the case.